IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 MAY 23 P 12: 09

CLERK'S OFFICE
AT BALTIMORE

BY

| | | |
|---|---|---|
| H. LEIGHTON LASKEY | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. JKB-12-945 |
| STATE OF MARYLAND, *et al.* | : | |
| Defendants | : | |

. . . .oOo. . . .

## MEMORANDUM

H. Leighton Laskey is suing defendants for $10,000 and seeking injunctive relief for claimed violations of the Fourteenth Amendment's Privileges and Immunities Clause. Laskey complains he was improperly fined $20.00 under the Baltimore City False Alarm Program and Defendants refuse him "complete access" to all records pertaining to his false alarm account.[1] The court will grant his motion for leave to proceed in forma pauperis and dismiss the complaint for reasons to follow.

### I.     Jurisdiction

"Federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute," *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978), and the party invoking the jurisdiction of the Court "has the burden of proving the existence of subject matter jurisdiction," *Jones v. American Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

---

[1] Laskey presented similar claims in Civil Actions No. L-11-402 (D. Md.) and WDQ-11-2372 (D. Md.), which were dismissed without prejudice for lack of jurisdiction and for failure to state a claim, respectively.

Laskey asserts that this court has jurisdiction over this matter because a federal question is presented. Although Laskey baldly claims defendants have violated his rights under the Privileges and Immunities Clause, he fails to provide any legal or factual basis for his otherwise conclusional allegations. To prevail in a § 1983 action against state actors for the deprivation of rights, privileges, or immunities secured by the Constitution, a plaintiff must show that 1) acts by the defendants 2) under color of state law 3) deprived him of federal rights, privileges or immunities and 4) caused him damage. *See* 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. Laskey fails to identify what Constitutional or federal right, privilege, or immunity has purportedly been violated. For these reasons, the case will be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

## II. Failure to State a Claim

Laskey is a self-represented litigant, and the court accords his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Liberal construction does not mean that this court may ignore a clear failure to allege facts stating a federal claim, nor may the court assume the existence of a genuine issue of material facts where there is none. See *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990). Further, the court is obliged to dismiss an action filed in forma pauperis that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

2

Whether a complaint states a claim is analyzed under Rule 12(b)(6), which tests the sufficiency of the complaint. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a). When considering dismissal for failure to state a claim, a plaintiff's well-pled allegations are assumed true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007).

Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive dismissal. *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct 1937, 1949 (2009). Under this standard, plaintiff's allegations, if true, fall far short of stating a claim of constitutional dimension.

To the extent Laskey wants to appeal the denial of his request for false alarm account records pursuant to the Maryland Public Information Act, he may note an appeal in state court. *See* ECF No. 1, Exhibit 2, Letter from Christopher Lundy, Special Assistant Solicitor, dated June 6, 2011. Insofar as Laskey intends for this court to intervene in his tort action in the Circuit Court for Baltimore City in Case Number 24C119003907, *Laskey v. City of Baltimore, et al.*,[2] he presents no legal grounds to support such intervention.

---

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiry.

3

### III.  Conclusion

For these reasons, the complaint will be dismissed. A separate order follows.

_____May 23, 2012_____  
Date

_____  
James K. Bredar  
United States District Judge